1   PATRICK H. HICKS, ESQ., Bar #4632
    BRUCE C. YOUNG, ESQ., Bar # 5560
2   DEBORAH L. WESTBROOK, ESQ., Bar # 9285
    3960 Howard Hughes Parkway, Suite 300
3   Las Vegas, NV  89169
    Telephone:  (702) 862-8800
4   Facsimile:  (702) 862-8811

5   Attorneys for Defendants
    WYNDHAM WORLDWIDE CORPORATION,
6   WYNDHAM RESORT DEVELOPMENT CORPORATION,
    WYNDHAM VACATION OWNERSHIP, INC.,
7   WYNDHAM VACATION RESORTS, INC., and
    WORLDMARK BY WYNDHAM

8

9

10                      UNITED STATES DISTRICT COURT

11                          DISTRICT OF NEVADA

12

13  GENINE CANNATA, CAROLYN          Case No.
    DAVIS, JOAN E. LEWIS, SHEILA A.
14  RHODES, JOELLEN SUTHERLAND,
    ELIZABETH ATKINSON, KAREN
15  BANKS, PATRICIA CALVIN, CONNIE   NOTICE TO FEDERAL COURT OF
    POST, CARLA RAINS, and LORI WILK, REMOVAL OF CIVIL ACTION FROM
16                                    STATE COURT PURSUANT TO 28 U.S.C.
               Plaintiffs,            SECTIONS 1331, 1441 (b) AND 1446
17
    vs.                              (FEDERAL QUESTION)
18
    WYNDHAM WORLDWIDE
19  CORPORATION, a Delaware corporation;
    WYNDHAM RESORT DEVELOPMENT
20  CORPORATION, an Oregon corporation
    doing business in Clark County as
21  WORLDMARK BY WYNDHAM;
    WYNDHAM VACATION OWNERSHIP,
22  INC., a Delaware corporation;
    WYNDHAM VACATION RESORTS,
23  INC., a Delaware corporation;
    WORLDMARK BY WYNDHAM; and
24  JAMES FRIEDMAN, an individual;
    DOES, I through X and ROE BUSINESS
25  ENTITIES, I through X, inclusive,

26             Defendants.

27

28              **TO THE ABOVE-ENTITLED COURT:**

LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

1   NOTICE IS HEREBY GIVEN that WYNDHAM WORLDWIDE CORPORATION,

2   WYNDHAM RESORT DEVELOPMENT CORPORATION d/b/a WORLDMARK BY

3   WYNDHAM, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION

4   RESORTS, INC., and WORLDMARK BY WYNDHAM[1] (hereafter collectively referred to as

5   "Defendants Wyndham"), hereby remove the above-entitled action from the Eighth Judicial

6   District Court in and for the County of Clark to the United States District Court in and for the

7   District of Nevada pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. This removal is based upon

8   federal question jurisdiction and is timely. Defendant James Friedman has also been served and

9   agrees to removal in this matter. *See* **Exhibit "1"**. In support of this notice of removal, Defendants

10  Wyndham state to the Court as follows:

11      1.      On November 10, 2009, an action was commenced in the Eighth Judicial District

12  Court of Clark County, Nevada, entitled *Genine Cannata, et. al. v. Wyndham Worldwide*

13  *Corporation, et. al,* designated as Case No. A-09-603355-C. A copy of the Complaint is attached

14  hereto as **Exhibit "2"**.

15      2.      WYNDHAM RESORT DEVELOPMENT CORPORATION d/b/a WORLDMARK

16  BY WYNDHAM received proper copies of the Summons & Complaint on January 4, 2010, when

17  its registered agent was served. Copies of the Summonses and Notices of Service of Process are

18  attached hereto as **Exhibit "3"**. Accordingly, this Notice of Removal is being filed within thirty (30)

19  days after receipt by Defendants of the initial pleading and is timely filed pursuant to 28 U.S.C.

20  Section 1446(b).

21      3.      WYNDHAM VACATION RESORTS, INC. received a proper copy of the Summons

22  & Complaint on January 4, 2010, when its registered agent was served. Copies of the Summons and

23  Notice of Service of Process are attached hereto as **Exhibit "4"**.

24      4.      WYNDHAM WORLDWIDE CORPORATION received a proper copy of the

25  Summons & Complaint on January 7, 2010, when its registered agent was served. Copies of the

26  Summons and Notice of Service of Process are attached hereto as **Exhibit "5"**.

---

27  [1] Although Plaintiffs have named WorldMark by Wyndham as a separate Defendant in this matter,
28  this entity is the same as Wyndham Resort Development Corporation d/b/a WorldMark by
    Wyndham, already named as a Defendant in this lawsuit.

5.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action arising under the Constitution, laws, or treaties of the United States.    Specifically, Plaintiffs' fourth, fifth, and sixth causes of action are for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  Plaintiff Lori Wilk's eighth cause of action is for the alleged violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

6.    Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. 28 U.S.C. §§ 108 and 1441(a).

WHEREFORE, the Defendants Wyndham, with agreement and joinder by Defendant James Friedman, pray that the above-referenced action now pending against them in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark be removed therefrom to this Court.

Dated: January 19, 2010.

LITTLER MENDELSON

By: _____
PATRICK H. HICKS, ESQ.
BRUCE C. YOUNG, ESQ.
DEBORAH L. WESTBROOK, ESQ.

Attorneys for Defendants

WYNDHAM WORLDWIDE CORPORATION,
WYNDHAM RESORT DEVELOPMENT
CORPORATION, WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM VACATION
RESORTS, INC., & WORLDMARK BY
WYNDHAM

LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

# CERTIFICATE OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On January *19*, 2010, I served the within document(s): **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT:**

X    By serving the following parties electronically through CM/ECF as set forth below.

☐    by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

| | |
|---|---|
| **Kathleen J. England**<br>**Jocelyn A. Cortez**<br>**England Law Office**<br>**630 South Third Street**<br>**Las Vegas, NV 89101** | **Patrick N. Chapin, Esq.**<br>**Patrick N. Chapin, Ltd.**<br>**129 Cassia Way**<br>**Henderson, Nevada 89104** |
| *Attorneys for Plaintiffs* | *Attorney for Defendant Friedman* |

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January *19*, 2010, at Las Vegas, Nevada.

_____
MARIBEL RODRIGUEZ

Firmwide:93374436.1 041582.2028

LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

4.

# EXHIBIT "1"

# EXHIBIT "1"

1  PATRICK N. CHAPIN, ESQ., NV #4946
   PATRICK N. CHAPIN, LTD.
2  129 Cassia Way
   Henderson, Nevada 89014
3  Telephone:  (702) 433-7295
   Facsimile:  (702) 403-1919
4
   Attorneys for Defendants
5  JAMES FRIEDMAN

6

7

8                    UNITED STATES DISTRICT COURT

9                          DISTRICT OF NEVADA

10

11  GENINE CANNATA, CAROLYN              Case No.
    DAVIS, JOAN E. LEWIS, SHEILA A.
12  RHODES, JOELLEN SUTHERLAND,
    ELIZABETH ATKINSON, KAREN
13  BANKS, PATRICIA CALVIN, CONNIE
    POST, CARLA RAINS, and LORI WILK,    **DEFENDANT JAMES FRIEDMAN'S**
14                                        **JOINDER IN NOTICE OF REMOVAL OF**
                Plaintiffs,               **ACTION PURSUANT TO 28 U.S.C.**
15                                        **SECTIONS 1331, 1441(b) AND 1446**
    vs.
16                                        **(FEDERAL QUESTION)**
    WYNDHAM WORLDWIDE
17  CORPORATION, a Delaware corporation;
    WYNDHAM RESORT DEVELOPMENT
18  CORPORATION, an Oregon corporation
    doing business in Clark County as
19  WORLDMARK BY WYNDHAM;
    WYNDHAM VACATION OWNERSHIP,
20  INC., a Delaware corporation;
    WYNDHAM VACATION RESORTS,
21  INC., a Delaware corporation;
    WORLDMARK BY WYNDHAM; and
22  JAMES FRIEDMAN, an individual;
    DOES, I through X and ROE BUSINESS
23  ENTITIES, I through X, inclusive,

24              Defendants.

25

26        Defendant JAMES FRIEDMAN, by and through his undersigned counsel, hereby joins in the

27  Notice of Removal to this Court of the state court action described in the Notice of Removal filed by

28  Defendants    WYNDHAM    WORLDWIDE    CORPORATION,    WYNDHAM    RESORT

1   DEVELOPMENT CORPORATION, WORLDMARK BY WYNDHAM, WYNDHAM

2   VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC. AND

3   WORLDMARK BY WYNDHAM ("Defendants Wyndham").

4       Dated: January 14, 2010.

5

6                                   PATRICK N. CHAPIN, LTD.

7

8                           By:_____

9                                   PATRICK N. CHAPIN, ESQ
                                    Attorneys for Defendants
10                                  JAMES FRIEDMAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "2"

# EXHIBIT "2"

ORIGINAL

1  COMP
   ENGLAND LAW OFFICE
2  Kathleen J. England, Nevada Bar No. 206
   Jocelyn A. Cortez, Nevada Bar No. 10012
3  630 S. Third Street
   Las Vegas, NV 89101
4  (702) 385-3300
   (702) 385-3823 (fax)
5  kengland@englandlawoffice.com
   jcortez@englandlawoffice.com
6  *Attorneys for Plaintiffs*

FILED

NOV 1 0 2009

CLERK OF COURT

A-09-603355-C
516416

7

8              **EIGHTH JUDICIAL DISTRICT COURT**
                  **CLARK COUNTY, NEVADA**
9

A-09-603355-C

10

11  GENINE CANNATA, CAROLYN          )   CASE NO.
    DAVIS, JOAN E. LEWIS, SHEILA A.  )   DEPT. NO.    XVII
12  RHODES, JOELLEN SUTHERLAND,      )
    ELIZABETH ATKINSON, KAREN        )
13  BANKS, PATRICIA CALVIN, CONNIE   )
    POST, CARLA RAINS, and LORI WILK )
14                                   )
        PLAINTIFFS,                  )
15          v.                       )
                                     )
16  WYNDHAM WORLDWIDE CORPORATION,   )   COMPLAINT
    a Delaware corporation; WYNDHAM RESORT )
17  DEVELOPMENT CORPORATION, an Oregon )   JURY TRIAL
    corporation doing business in Clark County as )   DEMANDED
18  WORLDMARK BY WYNDHAM; WYNDHAM    )
    VACATION OWNERSHIP, INC., a Delaware )
19  corporation; WYNDHAM VACATION RESORTS, )
    INC., a Delaware corporation; WORLDMARK BY )
20  WYNDHAM; and JAMES FRIEDMAN, an  )
    individual; DOES, I through X and ROE BUSINESS )
21  ENTITIES, I through X, inclusive )
                                     )
22          DEFENDANTS.              )

23                         **COMPLAINT**

24  I.  **NATURE OF ACTION**

25         1.  Plaintiffs Genine Cannata, Carolyn Davis, Joan E. Lewis, Sheila A. Rhodes,

26  JoEllen Sutherland, Elizabeth Atkinson, Karen Banks, Patricia Calvin, Connie Post, Carla

27  Rains and Lori Wilk (collectively "Plaintiffs") bring this action against Defendants

28                         **Page 1 of 80**

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

RECEIVED
NOV 1 0 2009
CLERK OF THE COURT

Wyndham Worldwide Corporation, a Delaware corporation; Wyndham Resort Development Corporation, an Oregon corporation and doing business in Clark County as WorldMark By Wyndham; Wyndham Vacation Ownership, Inc., a Delaware corporation, Wyndham Vacation Resorts, Inc., a Delaware corporation; WorldMark by Wyndham (collectively, "WorldMark," "Company," or "Corporate Defendants"); James Friedman, an individual ("Defendant Friedman"); DOE Defendants, I-X and ROE DEFENDANT BUSINESS ENTITIES, I-X (collectively Defendants"). Plaintiffs seek damages for the gender and age discrimination, sexual harassment, hostile work environment, retaliation and other tortious conduct that they have experienced at the workplace.

2.    The Plaintiffs are former employees, all female, of WorldMark, one of the world's largest hospitality companies, which operates in the lodging, vacation exchange/rental and vacation ownership segments of the hospitality industry.

3.    As more further detailed below, WorldMark has subjected Plaintiffs to systemic employment discrimination based on their gender which includes, but is not limited to: being forced to work in a hostile work environment resulting from severe or pervasive sexual harassment in the workplace; sexual harassment; discriminatory policies, practices and/or procedures in pay, promotion and advancement; verbal abuse; physical assault; retaliation; and other manifestations of gender discrimination.

4.    Additionally, WorldMark has subjected Plaintiff Lori Wilk to illegal employment discrimination based on her age.

5.    WorldMark's management is largely male-dominated.    WorldMark management has permitted a norm of sexual interaction between female employees and their male supervisors which is common knowledge at WorldMark and has become an expectation imposed on female employees – an expectation Plaintiffs have refused to meet, to their detriment.

6.    Upon information and belief, male managers frequently ogle at and touch female employees' buttocks, breasts and legs.  These assaults and batteries are neither

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

rare nor happenstance, but occur with such regularity that they have become routine.

7.   Upon information and belief, WorldMark male managers frequently tell female employees what they would like to do sexually, using crude and demeaning language.

8.   Upon information and belief, WorldMark's male managers regularly demand sexual favors from female employees and solicit female employees for sex.

9.   Upon information and belief, WorldMark made personal phone numbers available to managerial-level employees.  In this manner, male managers were able to harass female employees after hours and at home.

10.  WorldMark knew or should have known that members of management were "repeat harassers" who were given unfettered authority and opportunity to subject numerous female employees to severe or pervasive forms of sexual harassment.

11.  Upon information and belief, WorldMark also effectively bars females from better pay and more prestigious and higher paying positions which have traditionally been held by male employees.  The systemic means of accomplishing such gender stratification includes, but are not limited to: WorldMark's evaluation, promotion and assignment policies, practices and/or procedures.

12.  Upon information and belief, WorldMark male managers pressure female Sales Representatives to wear inappropriately short, tight and low-cut clothing to work and imply that sexually provocative attire is necessary for them to succeed at WorldMark.

13.  Upon information and belief, WorldMark male managers impose upon their female employees a reward system whereby those who consent to or tolerate the male managers' inappropriate sexual behavior are rewarded with plum assignments and more assistance in meeting their professional goals; those who do not succumb to their male managers' wishes are denied such opportunities.  This practice restricts female employees' ability to meet their professional goals and directly impacts their compensation.

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · Fax (702) 385-3823

14.  Upon information and belief, WorldMark has failed to institute a consistent, across-the board evaluation process by which all sales employees could be fairly evaluated.  Rather, WorldMark employed a haphazard, unregulated system that allowed management to rate its employees in a discriminatory fashion, without any notice and without any guidelines.  As a result, women who were not considered attractive enough or who otherwise did not succumb to sexual pressure from their male managers were given lower performance ratings, thereby resulting in lower compensation than women who did succumb to this pressure.

15.  WorldMark failed to prevent or remedy gender and age discrimination, sexual harassment and retaliation.

16.  WorldMark failed to properly educate its managers or to implement and enforce policies and procedures that would adequately prevent or assuage instances of harassment, retaliation, and gender and age discrimination.  Once made aware that managers had engaged in wrongful conduct, Defendants failed to take the legally required prompt, effective remedial action.

17.  Plaintiffs are requesting damages under a variety of state and federal statutes prohibiting discrimination in order to secure protection from WorldMark's discriminatory acts and to redress the deprivation of their rights under employment laws and related tort claims.

## II.  JURISDICTION AND VENUE

18.  Jurisdiction in this case is proper pursuant to N.R.S. § 14.065, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 USC §621, *et seq.* ("ADEA").

19.  Venue in this Court is proper because the injuries sustained by Plaintiffs, as well as the acts and omissions of Defendants, occurred in Clark County, Nevada, and because Defendants have offices in and regularly transact business in Clark County, Nevada.

III. **CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII AND NEV. REV. STAT. 613.330**

20. The Plaintiffs have fulfilled all conditions precedent to the institution of this action under the laws of the State of Nevada and federal law. Plaintiffs each have filed appropriate charges of sexual harassment, gender and/or age discrimination, and/or retaliation with the Equal Employment Opportunity Commission ("EEOC"); each Plaintiff has received a "Right to Sue" letter.

IV. **PARTIES**

A. **Plaintiffs**

21. **Plaintiff Genine Cannata** is a resident of Clark County, Nevada. From February 2007 to August 2008, Ms. Cannata was employed by WorldMark as Kitchen Staff, In-House Marketing OPC Resort Host and In-House Assistant to the Administrative Assistant at the WorldMark by Wyndham Las Vegas Resort (the "Las Vegas Resort"). On August 4, 2008, Ms. Cannata filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation. From August 2008 to November 2008, Ms. Cannata was employed by WorldMark as a Phone Sales Representative at the WorldMark off-site facility in Woodland Hills, California. On or about November 20, 2008, Ms. Cannata was terminated in retaliation for filing her EEOC charge. On December 29, 2008, Ms. Cannata filed a Supplemental EEOC charge, alleging that she was fired in retaliation for filing an EEOC charge. She received a Right to Sue letter from the EEOC on October 29, 2009.

22. **Plaintiff Carolyn (Kelly) Davis** is a resident of Clark County, Nevada. From January 2007 to March 2008, Ms. Davis was employed by WorldMark as a Sales Representative at the Las Vegas Resort. In March 2008, she transferred to the WorldMark Las Vegas adjunct and off-site facility ("Off-Site Facility"), seeking reprieve from the hostile work environment she was subjected to at the Las Vegas Resort. On or

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

about May 13, 2008, WorldMark terminated Ms. Davis' employment in retaliation for complaining about gender discrimination at WorldMark.  On August 20, 2008, Ms. Davis filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation.  On December 29, 2008, Ms. Davis filed a Supplemental EEOC charge.  She received a Right to Sue letter from the EEOC on October 29, 2009.

23.  **Plaintiff Joan E. Lewis** is a resident of Clark County, Nevada.  From 2003 to 2004, Ms. Lewis was employed by TrendWest, Inc. (now Wyndham Resort Development Corporation) as a Sales Representative in Lynnwood, Washington, and then from March 2006 to August 2008, Ms. Lewis was employed by WorldMark as a Sales Representative at the Las Vegas Resort.  On August 4, 2008, Ms. Lewis filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation.  On August 8, 2008, Ms. Lewis was constructively discharged by WorldMark.  On December 29, 2008, Ms. Lewis filed a Supplemental EEOC charge.  She received a Right to Sue letter from the EEOC on October 29, 2009.

24.  **Plaintiff Sheila A. Rhodes** is a resident of Clark County, Nevada.  From August 2007 to March 2009, Ms. Rhodes was employed by WorldMark as a Sales Representative and a Customer Service Representative at the Las Vegas Resort.  On August 4, 2008, Ms. Rhodes filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation.  On December 29, 2008, Ms. Rhodes filed a Supplemental EEOC charge. On March 3, 2009, Ms. Rhodes was terminated in retaliation for filing an EEOC charge of gender discrimination and/or for complaining about gender discrimination at WorldMark.  On May 29, 2009, Ms. Rhodes amended her EEOC to add a charge of retaliation for her termination. Ms. Rhodes received a Right to Sue letter from the EEOC on October 29, 2009. Ms. Rhodes is currently awaiting a right to sue letter on her latest charge of retaliation.

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

25. **Plaintiff JoEllen Sutherland** is a resident of Clark County, Nevada.   From June 2007 to July 2008, Ms. Sutherland was employed by WorldMark as a Sales Representative at the Las Vegas Resort.   On July 28, 2008, Ms. Sutherland was constructively discharged by WorldMark.   On August 4, 2008, Ms. Sutherland filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation.   On December 29, 2008, Ms. Sutherland filed a Supplemental EEOC charge.   She received a Right to Sue letter from the EEOC on October 29, 2009.

26. **Plaintiff Elizabeth Atkinson** is a resident of Clark County, Nevada.   From December 2006 to March 2008, Ms. Atkinson was employed by WorldMark as a Sales Representative at the Las Vegas Resort.   In December 2007, as a result of the stress caused by the sexual harassment and hostile work environment, Ms. Atkinson went on a medical leave.   On or about March 10, 2008, Ms. Atkinson was constructively discharged by WorldMark.   On December 29, 2008, Ms. Atkinson filed a formal charge with the EEOC, alleging discrimination, sexual harassment and hostile work environment.   On January 8, 2009, Ms. Atkinson filed a Supplemental EEOC charge.   She received a Right to Sue letter from the EEOC on October 29, 2009.

27. **Plaintiff Karen Banks** is a resident of Clark County, Nevada.   In May 2008, Ms. Banks was recruited to work at the Las Vegas Resort as a Sales Manager.   On July 17, 2008, after only six weeks on the job, Ms. Banks was terminated, and her position was given to a male employee.   On December 29, 2008, Ms. Banks filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment and hostile work environment.   She received a Right to Sue letter from the EEOC on October 29, 2009.

28. **Plaintiff Patricia Calvin** is a resident of Clark County, Nevada.   From August 2006 to April 2008, Ms. Calvin was employed by WorldMark as a Contract Processor, a Marketing Analyst and an Executive Assistant at the Las Vegas Resort and the WorldMark by Wyndham Corporate Office in Las Vegas, Nevada (the "Las Vegas

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

Corporate Office"). On December 29, 2008, Ms. Calvin filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation. On or about April 2, 2008, Ms. Calvin's employment was terminated in retaliation for complaining about gender discrimination at WorldMark. On January 6, 2009, Ms. Calvin filed a Supplemental EEOC charge. She received a Right to Sue letter from the EEOC on October 29, 2009.

29. **Plaintiff Connie Post** is a resident of Clark County, Nevada. From October 2006 to June 2007, Ms. Post was employed by WorldMark as a Sales Representative, a Verification Loan Officer and a Sales Manager at the Las Vegas Resort. From March 2008 to October 2008, Ms. Post was employed by WorldMark as a Sales Manager and a Sales Representative at the Las Vegas Resort. In October 2008, Ms. Post was terminated in retaliation for complaining about gender discrimination at WorldMark. On December 29, 2008, Ms. Post filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment, hostile work environment and retaliation. She received a Right to Sue letter from the EEOC on October 29, 2009.

30. **Plaintiff Carla Rains** is a resident of Clark County, Nevada. From March 2006 to February 2007, Ms. Rains was employed by WorldMark as a Sales Manager at the Las Vegas Resort. From April 2008 to July 2008, Ms. Rains was employed by WorldMark as a Manager-in-Training ("MIT") at the Off-Site Facility. From July 2008 to October 2008, Ms. Rains was employed by WorldMark as a Sales Representative at the Las Vegas Resort. From October 2008 to March 2009, Ms. Rains was employed by WorldMark as a Sales Manager at the Wyndham Vacation Grand Desert Resort located in Las Vegas, Nevada ("Grand Desert Resort"). On December 29, 2008, Ms. Rains filed a formal charge with the EEOC, alleging gender discrimination, sexual harassment and hostile work environment. In March 2009, Ms. Rains was wrongfully terminated. She received a Right to Sue letter from the EEOC on October 29, 2009.

31. **Plaintiff Lori Wilk** is a resident of Clark County, Nevada. From approximately March 2003 to March 2009, Ms. Wilk was employed by WorldMark as a MIT, a Sales Manager, a Sales Representative, and a full- and part-time Podium Speaker at the Las Vegas Resort. On December 29, 2008, Ms. Wilk filed a formal charge with the EEOC, alleging gender discrimination, age discrimination, hostile work environment and retaliation. From March 2009 to July 2009, Ms. Wilk was employed by WorldMark as a Sales Representative and a part-time Podium Speaker at the Grand Desert Resort and Harrah's Resorts. In July 2009, Ms. Wilk was wrongfully terminated. She received a Right to Sue letter from the EEOC on October 29, 2009.

**B. Corporate Defendants**

32. **Defendant Wyndham Worldwide Corporation** ("Wyndham Worldwide") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Defendant Wyndham Worldwide has a significant presence in most major hospitality markets globally and throughout the United States. Defendant Wyndham Worldwide regularly transacts business in and has multiple facilities in the State of Nevada. Defendant Wyndham Worldwide also qualifies as an employer under N.R.S. § 613.310(2).

33. Defendant Wyndham Worldwide offers lodging, vacation exchange/rental and vacation ownership segments of the hospitality industry and touts more than 20 brands, including Wyndham Hotels and Resorts, Ramada, Days Inn, Super 8, Wyndham Rewards®, RCI, Landal GreenParks, English Country Cottages, Novasol, Wyndham Vacation Resorts (formerly Fairfield Resorts) and WorldMark by Wyndham (formerly TrendWest Resorts). Upon information and belief, Defendant Wyndham Worldwide is the parent company of the other named business entity Defendants. Because of the complicated and often hidden interrelationships between and among the named Defendant business entities and fictitious Defendant entities, the exact connection between and among the Wyndham entities is not completely known at this time.

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

Defendant Wyndham Worldwide has been named a Defendant in this lawsuit because, upon information and belief, it employed at least some, if not all, of the Plaintiffs named in this lawsuit at some point in time relevant to this suit.

34. **Defendant Wyndham Resort Development Corporation** ("Wyndham Resort Development") is an Oregon corporation registered with the Nevada Secretary of State as a foreign corporation. Defendant Wyndham Resort Development is registered with the Clark County Business License department as doing business as "WorldMark by Wyndham" (which is also a named Defendant in this lawsuit). Defendant Wyndham Resort Development regularly transacts business in and has multiple facilities in the state of Nevada. Defendant Wyndham Resort Development also qualifies as an employer under N.R.S. § 613.310(2).

35. Defendant Wyndham Resort Development operates as a subsidiary of Defendant Wyndham Worldwide and is believed to own and operate various resorts and also develops, markets and sells vacation ownership programs in the United States, Canada, Mexico and Fiji. Because of the complicated and often hidden interrelationships between and among the named Defendant business entities and fictitious Defendant entities, the exact connection between and among the Wyndham entities is not completely known at this time. Defendant Wyndham Resort Development has been named a Defendant in this lawsuit because, upon information and belief, it employed at least some, if not all, of the Plaintiffs named in this lawsuit at some point in time relevant to this suit.

36. **Defendant Wyndham Vacation Ownership, Inc.** ("Wyndham Vacation Ownership") is a Delaware corporation registered with the Nevada Secretary of State as a foreign corporation. Defendant Wyndham Vacation Ownership regularly transacts business in and has multiple facilities in the State of Nevada. Additionally, Defendant Wyndham Vacation Ownership is an employer under N.R.S. § 613.310(2).

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 • FAX (702) 385-3823

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

37. Defendant Wyndham Vacation Ownership engages in the marketing and sales of vacation ownership interests, consumer financing in conjunction with the purchase of vacation ownership interests, property management services to property owners' associations and development and acquisition of vacation ownership resorts. Defendant Wyndham Vacation Ownership touts itself to be the largest vacation ownership business in the world.   Defendant Wyndham Vacation Ownership is headquartered in Orlando, Florida, and maintains a network of 140 properties, 20,000 individual units and over 800,000 property owners across North America, the Caribbean and the South Pacific.  Because of the complicated and often hidden interrelationships between and among the named Defendant business entities and fictitious Defendant entities, the exact connection between and among the Wyndham entities is not completely known at this time.  Defendant Wyndham Vacation Ownership has been named a Defendant in this lawsuit because, upon information and belief, it employed at least some, if not all, of the Plaintiffs named in this lawsuit at some point in time relevant to this suit.

38. **Defendant Wyndham Vacation Resorts, Inc.** ("Wyndham Vacation Resorts") is a Delaware corporation registered with the Nevada Secretary of State as a foreign corporation.  Defendant Wyndham Vacation Resorts is registered with the Clark County Business License department as doing business as "time share developers/sellers" as "Wyndham Vacation Resorts, Inc."   Defendant Wyndham Vacation Resorts, Inc. regularly transacts business in and has multiple facilities in the state of Nevada. Defendant Wyndham Vacation Resorts is an employer under N.R.S. § 613.310(2).

39. Defendant Wyndham Vacation Resorts is believed to be part of Defendant Wyndham Vacation Ownership and, upon information and belief, sells and finances vacation ownership interests and develops vacation ownership resorts.  Because of the complicated and often hidden interrelationships between and among the named Defendant business entities and fictitious Defendant entities, the exact connection

Page 11 of 80

between and among the Wyndham entities is not completely known at this time. Defendant Wyndham Vacation Resorts has been named a Defendant in this lawsuit because, upon information and belief, it employed at least some, if not all, of the Plaintiffs named in this lawsuit at some point in time relevant to this suit.

40. **Defendant WorldMark by Wyndham** ("WorldMark by Wydham") has been registered with the Oregon Secretary of State as a business entity by registrant Wyndham Resort Development Corporation. It is believed to be a wholly-owned subsidiary of Defendant Wyndham Worldwide, as well as, a consumer brand. "WorldMark by Wyndham" is also registered as "time share developers/sellers" with the Clark County Business License department by Defendant Wyndham Resort Development. Defendant WorldMark by Wyndham regularly transacts business in and has multiple facilities in the state of Nevada. Defendant WorldMark by Wyndham is believed to be an employer under N.R.S. § 613.310(2).

41. Defendant WorldMark by Wyndham operates as a vacation ownership company allowing people to purchase a real estate interest in a Wyndham resort, similar to a timeshare. Defendant WorldMark by Wyndham claims to be "the world's third-largest vacation ownership program." Defendant WorldMark by Wyndham allows customers access to any of its more than 60 resorts, including five that are located in Nevada—Las Vegas, Las Vegas (Spencer), Reno, Tahoe (Stateline) and Tahoe (Zephyr Cove). Because of the complicated and often hidden interrelationships between and among the named Defendant business entities and fictitious Defendant entities, the exact connection between and among the Wyndham entities is not completely known at this time. Defendant WorldMark by Wyndham has been named a Defendant in this lawsuit because, upon information and belief, it employed at least some, if not all, of the Plaintiffs named in this lawsuit at some point in time relevant to this suit.

42. Defendants Wyndham Worldwide, Wyndham Resort Development, Wyndham Vacation Ownership, Wyndham Vacation Resorts and WorldMark by

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

Page 12 of 80

1  Wyndham are collectively referred to herein as "WorldMark" or the "Corporate
2  Defendants."

3  **C.   Individual Defendant James Friedman**

4   43. **Defendant James Friedman** ("Defendant Friedman"), at all times relevant
5  to the allegations herein, was a resident of Las Vegas, Nevada.  Upon information and
6  belief, Defendant Friedman owns property in Palm Springs, California and Key West,
7  Florida.

8   44. Upon information and belief, beginning in early 2007, Defendant Friedman
9  was employed by one or more Corporate Defendants in various positions, including as
10  Project Director, Director of Sales and/or Vice-President of Sales of the Las Vegas
11  Region.  Defendant Friedman worked, amongst other places, out of the Las Vegas Resort,
12  the Off-Site Facility and the Las Vegas Corporate Office, where he had a direct and/or
13  indirect supervisory role over each of the Plaintiffs.

14   45. Upon information and belief, Defendant Friedman was transferred to
15  California in late 2008, where he continued to work for various WorldMark-related
16  entities for approximately one year.

17  **D.   DOE and ROE Defendants**

18   46. The exact nature of the interrelationship between and among the Wyndham
19  entities (including WorldMark by Wyndham) is unclear.  At times, the Wyndham
20  entities, on a national and international basis, appear to use their names interchangeably
21  and on an inconsistent basis where one entity is sometimes presented to be part of the
22  Wyndham entities and, at other times, to represent all of the Wyndham entities.

23   47. DOE Defendants I-X are natural persons who own, operate or control the
24  named Defendant business entities.  DOE Defendants I-X are also natural persons who
25  directed, assisted in or ratified the illegal actions of the named Defendants.

26   48. The ROE DEFENDANT BUSINESS ENTITIES, I-X directed, assisted in or
27  ratified the wrongful and illegal actions of the named Defendants.   The ROE

28

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 • FAX (702) 385-3823

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

DEFENDANT BUSINESS ENTITIES, I-X are entities, including without limitation, predecessors, successors, parent or subsidiary business entities, or other kinds of business entities or organizations, which are related, connected to, control, or operate any of the named Defendant business entities.

49. DOE and ROE Defendants are persons, entities, or organizations who engaged in, oversaw, directed, ratified, or assisted in the wrongful actions against the Plaintiffs along with the named Defendants, or who may be individual owners, officers, agents, managers, or employees of any of the named Defendant business entities or the DOE or ROE Defendants. DOE and ROE Defendants are agents, servants, employees, employers, trade venturers, and/or partners of the named Defendants and the DOE and ROE Defendants, and/or each other. At the time of the actions which form the basis of this complaint, DOE and ROE Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants (hereinafter collectively referred to as "Defendants" and includes those who are named and those sued as DOES and ROES) are jointly, severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

50. The real names of DOE and ROE Defendants are unknown to the Plaintiffs at this time because they were not fully privy to the complex interrelationship and ownership status of the numerous corporations and business entities which seemed to be operating together at times and separately at others. Plaintiffs are also not completely privy to the hierarchical relationship between the named Defendants and DOE and ROE Defendants.

51. Along with the named Defendants, these DOE and ROE Defendants also owe a duty to Plaintiffs, which was breached. Therefore, they too are liable for the damages and injuries which Plaintiffs sustained. Plaintiffs will seek leave to amend this complaint and substitute the true names of the DOE and ROE Defendants as soon as the true identities are revealed.

## V.  PLAINTIFFS' ALLEGATIONS

### A.    Genine Cannata

52.  Ms. Cannata brings suit to recover damages for: sexual harassment; retaliation; assault; battery; invasion of privacy; intentional infliction of emotional distress; negligent retention, supervision and training of supervisory and managerial employees

53.  Ms. Cannata was employed by WorldMark at the Las Vegas Resort as Kitchen Staff, In-House Marketing OPC Resort Host and In-House Assistant to the Administrative Assistant from February 2007 to August 2008.  Ms. Cannata was employed by WorldMark at the off-site facility in Woodland Hills, California, as a Phone Sales Representative from August 2008 until November 20, 2008, when she was wrongfully terminated.

54.  Throughout her entire career with WorldMark, Ms. Cannata performed at or above the expected levels of performance.

#### Sexual Harassment/Hostile Work Environment

55.  Throughout her employment with WorldMark, Ms. Cannata was sexually harassed on a routine basis and subjected to a hostile work environment.

56.  In approximately March 2007, Ms. Cannata inquired about a promotion to the Front-Line Department, to which Senior Sales Manager Carl Alfano ("Senior Manager Alfano") responded by advising her that if she had sex with him, she could avoid taking the test.

57.  As Director of Sales, Defendant Friedman was one of Ms. Cannata's supervisors.  From that time forward, Defendant Friedman subjected Ms. Cannata to numerous forms of sexual harassment.  Defendant Friedman, a large, imposing man, inappropriately touched and physically intimidated Ms. Cannata.  Defendant Friedman frequently made lewd comments to Ms. Cannata.  He told her that he wanted to see her naked; "exchange body fluids;" see her in her "thong;" give her "a good licking;" spend

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

1   24 hours in bed with her; and have sex with her "on his desk" and "up the ass."

2   Defendant Friedman also told Ms. Cannata that he takes Viagra.

3   58.   On more than one occasion, Defendant Friedman grabbed his crotch area and

4   told Ms. Cannata that he had a "hard-on."  He also wiggled his tongue at her, grabbed her

5   buttocks, asked her to spend the night at his apartment and asked her to marry him.  Over

6   time, Defendant Friedman became more adamant in his requests despite Ms. Cannata's

7   repeated requests that he stop.

8   59.   On almost a daily basis, Defendant Friedman approached Ms. Cannata while

9   she was alone in the workplace and sexually harassed her.  This occurred in various

10  places throughout the WorldMark workplace.

11  60.   In approximately November 2007, Defendant Friedman told Ms. Cannata

12  that he would like her "pussy" and that he had never done a "cookie monster pussy" like

13  hers.  On or about March 23, 2008, Defendant Friedman followed Ms. Cannata into the

14  kitchen at the Las Vegas Resort and told her, "You're not too bad for an old broad."

15  Defendant Friedman further told Ms. Cannata, "Show me your tits" several times, and

16  when she told him to stop, he walked away laughing.

17  61.   Defendant Friedman's sexual harassment of Ms. Cannata was also physical.

18  In the spring of 2008, Ms. Cannata was sitting at her desk doing the morning paperwork

19  when she felt a hand going inside the back of her pants.  Startled, Ms. Cannata turned

20  around and saw that it was Defendant Friedman.  Defendant Friedman then laughed and

21  walked away.  On or about March 29, 2008 and April 20, 2008, Defendant Friedman

22  inappropriately kissed Ms. Cannata in front of her co-workers.  Ms. Cannata did not

23  consent to this kissing and, in fact, found it offensive and humiliating.

24  62.   On or about April 2008, Defendant Friedman pressed himself up against Ms.

25  Cannata's backside and asked her to marry him on several occasions.  Defendant

26  Friedman also told Ms. Cannata, "Let me see your ass."

27

28

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

Page 16 of 80

63. On or about May 5, 2008, Defendant Friedman called Ms. Cannata into his office, told her to close and lock the door, grabbed his crotch and said, "You know you want it." On May 31, 2008, Defendant Friedman asked to see Ms. Cannata in the hallway. While they were in the hallway, he asked Ms. Cannata if she had lost weight, told her that she looked "fucking hot," and told her that they should "get together."

64. On at least one occasion, Defendant Friedman attempted to contact Ms. Cannata by telephone on her personal phone during the late evening and early morning hours. When he did not reach her, Defendant Friedman left messages insisting that Ms. Cannata get together with him.

65. Ms. Cannata was also aware of Defendant Friedman's inappropriate behavior towards other female employees. On several occasions, Ms. Cannata overheard Defendant Friedman tell other male managers that a female Sales Representative was "hot." On other occasions, Ms. Cannata overheard Defendant Friedman make inappropriate comments to women concerning their appearance and/or weight.

66. Defendant Friedman's harassment of Ms. Cannata and other female employees was generally known by WorldMark management and employees. However, upon information and belief, no one at WorldMark disciplined or chastised Defendant Friedman for his conduct in any manner.

**Retaliation**

67. In early August 2008, Ms. Cannata transferred to the WorldMark off-site facility in Woodland Hills, California in order to remove herself from the hostile work environment at the Las Vegas Resort.

68. On August 4, 2008, Ms. Cannata filed a formal charge with the EEOC.

69. On November 20, 2008, the Director of Marketing at the Las Vegas Corporate Office, Mark Weaver ("Director Weaver"), attended a WorldMark meeting in Woodland Hills, California. Director Weaver knew Ms. Cannata from when she worked

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · FAX (702) 385-3823

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 • FAX (702) 385-3823

1  at the Las Vegas Resort, and it is believed that he knew about the EEOC charge she had

2  filed against WorldMark.

3      70. On information and belief, Ms. Cannata's new Manager, Derek Devers

4  ("Manager Devers"), also attended the November 20, 2008 meeting.

5      71. About an hour after Director Weaver left the meeting at Woodland Hills,

6  Manager Devers advised Ms. Cannata that she was being terminated for insufficient sales

7  numbers.   When Ms. Cannata asked Manager Devers about the reasons for her

8  termination in light of her consistent sales numbers, he was unresponsive.

9      72. Ms. Cannata had not been apprised of any performance or disciplinary issues

10  at WorldMark at any time before her termination. In fact, Ms. Cannata was doing well at

11  the Woodland Hills site, and she regularly reached the Company goal of securing four

12  tours in a week. The week that she was terminated, she had just set a sales appointment.

13      73. On information and belief, Director Weaver told Manager Devers that Ms.

14  Cannata had filed an EEOC charge and instructed or suggested that Manager Devers

15  terminate Ms. Cannata's employment.

16      74. On information and belief, Manager Devers fired Ms. Cannata in retaliation

17  for her filing an EEOC charge.

18      75. On December 1, 2008, Ms. Cannata went to retrieve her final paycheck at

19  WorldMark. At that time, Manager Devers asked her to sign a disciplinary notice even

20  though she had never been disciplined. Ms. Cannata did not sign the notice.

21  **B.**     <u>Carolyn Davis</u>

22      76. Ms. Davis brings suit to recover damages for: sexual harassment; gender

23  discrimination; retaliation; assault; battery; intentional infliction of emotional distress;

24  and negligent retention, supervision and training of supervisory and managerial

25  employees.

26      77. Ms. Davis was employed by WorldMark at the Las Vegas Resort as a Sales

27  Representative from January 2007 to March 2008. Ms. Davis was employed by

28

WorldMark at the Off-Site Facility as a Sales Representative from March 2008 to May 13, 2008, when she was wrongfully terminated.

78. Ms. Davis has an extensive background in sales management. This background lent itself to success at WorldMark. During her entire career with WorldMark, Ms. Davis was a high performing Sales Representative. Upon information and belief, by December 2007, Ms. Davis had the second highest sales results in the VIP Front-Line Sales Department at the Las Vegas Resort.

### Sexual Harassment/Hostile Work Environment

79. Throughout her employment with WorldMark, Ms. Davis was sexually harassed on a routine basis and subjected to a hostile work environment.

80. Manager Dan Belchar ("Manager Belchar"), one of Ms. Davis' supervisors, was among the WorldMark managers who subjected Ms. Davis to sexual harassment.

81. In March 2008, Manager Belchar often asked her to dance for him. On or about April 13, 2008, Manager Belchar placed a water bottle on his lap and commented using profanity that it was about the same size as his penis.

82. Ms. Davis also heard Manager Belchar tell a male Sales Representative who was planning to follow a client home to pick up a check that he "should at least get a blow job" while he was there.

83. Throughout her employment with WorldMark, Ms. Davis also heard other male managers make sexual remarks about or to other female employees.

84. Ms. Davis often overheard and observed Senior Manager Alfano make sexual advances towards young and new female employees. For example, on one occasion, Ms. Davis overhead Senior Manager Alfano say to one young female employee that if she needed anything to let him know because her good looks could take her far.

85. On several occasions, Ms. Davis heard other male managers make inappropriate comments to female employees such as, "Those little puppies look perky

ENGLAND LAW OFFICE
ATTORNEYS AT LAW
630 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
(702) 385-3300 · Fax (702) 385-3823