UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENINE CANNATA, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 2:10-cv-00068-PMP-LRL<br>)<br>) **O R D E R** |
| WYNDHAM WORLDWIDE CORPORATION, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Before the court is the Wyndham defendants' Emergency Motion to Stay Discovery and Extend Deadlines (#64). The court has considered the motion, plaintiffs' Partial Opposition/Partial Agreement (#67), and defendants' Notice to the Court Regarding the Status of Discovery (#70).

In their motion defendants requested a 45-day stay of discovery, to which plaintiffs did not object. The expiration date of the stay was October 18, 2010. That date having come and gone, the parties now wish to get on with discovery. In their Notice Regarding the Status of Discovery (#70), defendants observe that inasmuch as the agreed upon stay period has now passed, the only issue remaining unresolved in their Emergency Motion (#64) is the extent to which the discovery deadline should be extended. Defendants ask that discovery be extended for six months until July 13, 2011; plaintiffs disagree, requesting an extension until April 14, 2011.

Evidently plaintiffs also disagree that the length of the discovery extension is the only unresolved issue in the Notice Regarding the Status of Discovery (#70). In a letter to defendants' counsel dated November 1, 2010, plaintiffs' counsel refers to certain unresolved "discovery deficiencies" as a reason why "we are not inclined, at this time, to inform the court that it need only rule on the extension of discovery deadline issue." *See* letter from Jocelyn Cortez to Veronica Arechederra

Hall, attached to defendants' Notice to the Court Regarding the Status of Discovery (#70).  It is apparent, however, that inasmuch as the requested stay period has passed, and both sides wish to resume discovery, defendants' request for a stay of discovery is moot.  Whatever discovery disputes the parties may have are not before the court.  Therefore, to the extent the Emergency Motion (#64) sought a stay of discovery, it will be denied as moot.

The only remaining issue in defendants' original Emergency Motion concerns the extent to which the discovery deadline should be extended.  Approximately two months of the original discovery period remain.  On the other hand, discovery was stayed for almost two months.  The court finds that an additional four months of discovery beyond the current deadline is a fair resolution of this matter.  Accordingly, and for good cause shown,

IT IS ORDERED that to the extent the Emergency Motion to Stay Discovery and Extend Deadlines (#64) seeks a stay of discovery, it is denied as moot.

IT IS FURTHER ORDERED that to the extent the Emergency Motion (#64) seeks an extension of the discovery deadline, it is granted.  The discovery deadline shall be extended to and including May 13, 2011.  The related deadlines shall be extended as follows:

| | |
|---|---|
| Amend Pleadings | February 14, 2011 |
| Designate Experts | March 14, 2011 |
| Designate Rebuttal Experts | April 14, 2011 |
| Dispositive Motions | June 14, 2011 |
| Joint Pretrial Order | July 15, 2011 |

DATED this 12th day of November, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

2