1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                         * * *

5   GENINE CANNATA, *et al.,*                )
                                            )
6                       Plaintiffs,         )
                                            )        2:10-cv-00068-PMP-LRL
7   v.                                      )
                                            )        **O R D E R**
8   WYNDHAM WORLDWIDE                        )
    CORPORATION, *et al.,*                   )
9                                            )
                        Defendants.         )
10  _____ )

11

12          This matter comes before the court on plaintiffs' Motion for Protective Order and to Quash

13  Third Party Subpoenas (#89).  The court has reviewed the motion (#89) and Exhibits to the Motion

14  (##91, 92, 93); plaintiffs' Declaration (#90) and Erratas (##95, 96); defendants' Sealed Response

    (#105), Opposition (#109), Errata (#122), and Notice (#124); and plaintiffs' Reply (#126).  For the
15
    following reasons, plaintiffs' motion will be granted.
16
            Defendants removed this sex discrimination in employment action to federal court on January
17
    19, 2010.  Plaintiffs are ten former Wyndham Worldwide Corporation ("Wyndham") employees.  On
18
    July 26, 2010, defendant Wyndham served identical subpoenas on twenty-one previous and current
19
    employers of the plaintiffs. The July 26 subpoenas were issued without notifying plaintiffs' counsel.
20
    The subpoena provides:
21

22          Please produce any and all records in your possession, custody and/or control that refer,
            relate, or pertain to [plaintiff], including, but not limited to, the entire personnel file,
23          application, resume, payroll records, performance evaluations, correspondence, notes,
            and reasons for termination, which you have in your possess, control or custody.
24  Exh. 1 to Mot. (#89).

25          By letter dated July 28, 2010, plaintiffs objected to the subpoenas on relevance and other

26  grounds. Exh. 4 to Mot. (#89).  After a telephonic conference on August 6, 2010, the parties agreed that

Wyndham would sequester any subpoenaed documents it received while the parties attempted to resolve the matter without court intervention. Exh. 6 to Mot. (#89). On August 17, 2010, Wyndham provided plaintiffs with information regarding the documents they had collected. On August 19, 2010, plaintiffs sent a fifteen-page letter with specific objections to the subpoena and citation to legal authority. On December 3, 2010, Wyndham responded and set forth its position that the documents are discoverable.

The parties engaged in another teleconference on January 13, 2011, to discuss a date by which Wyndham could view the documents. Defense counsel memorialized the conference in a letter sent to plaintiffs' counsel on January 18, 2011. Exh. K to Opp'n (#109). The letter indicated that the parties had agreed to allow Wyndham to inspect the sequestered documents on January 27, 2011. Plaintiffs' counsel, newly brought into the case to replace plaintiffs' original counsel, recalled the exchange differently. She thought the parties had agreed to allow plaintiffs until January 27, 2011 to amend discovery pertinent to mitigation of damages; but the date by which Wyndham could view the sequestered documents was to be set with an eye toward plaintiffs' lead counsel preparing for a month long trial and also needing time to familiarize herself with the issues surrounding the third-party subpoenas. Plaintiffs explained their understanding of the agreement in a letter dated January 24, 2011, and asked Wyndham to hold off on reviewing the documents for an additional week.

On January 26, 2011, defense counsel informed plaintiffs' counsel that Wyndham would not agree to the extension and would open the documents the following day. Exh. 14 to Mot. (#89). In response plaintiffs informed Wyndham that they would file a motion for protective order on or about February 3, 2011. Exh. 15 to Mot. (#89). On January 27, 2011, defense counsel agreed to "continue to sequester the documents until February 3 on the condition that [plaintiffs] file an appropriate motion on an emergency basis." Exh. 16 to Mot. (#89).

The following day, Friday, January 28, 2011, Wyndham filed notice that it would serve the subpoena on forty-five additional past and present employers of the plaintiffs on February 4, 2011, for a total of sixty-six subpoenas. On Monday, February 2, 2011, counsel exchanged email on the issue. Wyndham indicated that it intended to review the sequestered documents the next day. Plaintiffs'

2

counsel attempted to contact defense counsel but was unable to make contact. Plaintiffs filed their Emergency Motion for Protective Order and to Quash Third-Party Subpoenas the next day, February 3, 2011. Also on that day, counsel for Wyndham emailed plaintiffs' counsel representing that Wyndham would continue to sequester the documents until there is a resolution on the issue. Exh. Q to Opp'n (#109).

Plaintiffs seek an order of the court to quash all sixty-six third-party subpoenas on grounds that the subpoenas are over broad in scope of information sought, seek information that is irrelevant to the case, request information that is already possessed by defendant, are designed to harass and embarrass, and seek information that is protected as private. Wyndham contends that the subpoenas are not over broad and seek relevant information: 1) because plaintiff's place their pre-Wyndham employment at issue; 2) because the after-acquired evidence doctrine permits it; 3) to demonstrate plaintiffs' mitigation efforts or lack thereof; 4) to show that plaintiffs are not credible; and 5) to demonstrate plaintiffs' true motivations for separating from Wyndham. Opp'n (#109) at 12.

### Discussion

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules. *See e.g.* Charles Wright & Alan Miller, *Federal Practice and Procedure* § 2452 (3d. ed. 2008). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1); *see also Oppenheimer Fund*, 437 U.S. at 351. Nevertheless, the court has the power to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with discovery requests. Rule 26(c). The party seeking the protective order must show good cause. *Id.*

A plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff asserts a legitimate privacy interest in the documents sought. *See Abu v. Piramco SEA-TAC Inc.*, 2009 WL 279036 at *1 (W.D. Wash. Feb. 5, 2009) (citing *Maxwell v. Health Ctr. of Lake City*, 2006 WL 1627020 (M.D. Fla. June 6, 2006)). Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance. *Paananen v. Cellco Partnership*, 2009 WL 2057048 at *3 (W.D. Wash. July 14, 2009); *Woods v. Fresnius Med. Care Group of N.A.*, 2008 WL 151836 (S.D. Ind. Jan. 16, 2008); *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421 at *1 (D. Conn. Sep. 25, 2007) ("The plaintiff clearly has a personal right with respect to the information contained in his employment records."). Accordingly, while certain pre- and post-employment records may be highly relevant to issues such as mitigation and computation of damages, *Walker v. Nw. Airlines Corp.*, 2002 WL 32539635 at *2 (D. Minn. Oct. 28, 2002), courts have quashed subpoenas to obtain a plaintiff's entire personnel file without limitation to certain categories of information as facially overbroad and/or not reasonably calculated to lead to the discovery of admissible evidence. *See Lewin v. Nackard*, 2010 WL 4607402 at *1 (D. Ariz. Nov. 4, 2010) ("defendant's request to obtain plaintiff's entire personnel file from five former employers is, on its face, overbroad and not reasonably calculated to lead to the discovery of admissible evidence"); *Maxwell*, 2006 WL 1627020 at *3 (finding "while some of the documents in Plaintiff's personnel files may reasonably lead to admissible evidence, the blanket requests for her entire personnel file are overly broad").

Wyndham's subpoena goes beyond demanding even a plaintiff's entire personnel file. It seeks "any and all records" from a given plaintiff's former and current employers. *Cf. Abu*, 2009 WL 279036 (denying motion to quash subpoena and specifically noting that the subpoena demanded categories of information relevant to the claims and defenses). Indeed, the subpoena seeks information from employers dating back as far as the mid-1980s. *Cf. Graham v. Casey's General Stores, Inc.*, 206 F.R.D. 251, 255 (S.D. Ind. 2002) (upholding subpoena where "defendant did not employ a shotgun approach in serving the subpoenas...but rather properly limited the subpoenas to the employer immediately before

4

and after Graham's employment with Defendant").

Wyndham contends that because plaintiffs have put their pre-Wyndham employment at issue, it is entitled to broad discovery. This contention is unsupported by legal authority. *See Woods*, 2008 WL 151836 at * 1 (rejecting defendant's contention that plaintiff had put her entire employment history at issue, "but rather only her employment with the Defendant"). That plaintiffs' Complaint includes statements that they were good employees does not, in itself, open the door to unfettered discovery of every file kept by every current and former employer of a plaintiff who Wyndham can locate. While relevance in the discovery context is broad, Wyndham is still required to craft its requests in a way "calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

Wyndham next argues that subpoenas to post-Wyndham employers will tend to reveal information regarding mitigation of damages. While employment records related to plaintiffs' employers subsequent to their departure from Wyndham may be relevant to mitigation, relevance is not the only factor that the court must consider when balancing the privacy concerns of the objecting party. Plaintiffs have demonstrated that Wyndham possesses information relevant to the issue of mitigation of damages, including wage and tax records, unemployment insurance compensation records, job applications, and pay stubs among other things. *See* Exh. 20 to Mot. (#95); *see Paananen*, 2009 WL 2057048 at *3. Items such as missing earning statements and 2010 tax information for individual plaintiffs, *see* Opp'n (#109) at 22, can be obtained by less intrusive means than a request to an employer for any and all records relating to a plaintiff.

Nor does Wyndham's after-acquired evidence defense entitle it to further discovery. The after-acquired evidence defense can limit recovery of wages if an employer later learns of wrongdoing that would have led to a legitimate discharge had the employer known about it. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362 (1995). Courts generally agree, however, that this defense "cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed." *Chamberlain,* 2007 WL 2786421, at *2; *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1071-72 (9th Cir. 2004); *Maxwell,* 2006 WL 1627020, at *5. Rather, a

defendant "must have some pre-existing basis to believe that after-acquired evidence exists before it can take additional discovery." *Liles v. Stuart Weitzman LLC*, 2010 WL 1839229 at *5 (S.D. Fla. May 6, 2010) (quoting *Maxwell*, *supra* at *5); *see also Rivera*, 364 F.3d at 1072.  At this point the record does not indicate that disclosure of the subpoenaed documents is likely to reveal such evidence of wrong-doing.

Wyndham's arguments regarding relevance of the subpoenas to plaintiffs' credibility likewise fail.  Absent some preliminary showing that the credibility of a plaintiff is at issue, this argument may not serve as an independent basis for delving into private employment records. *Compare Graham*, 206 F.R.D. at 255 (explaining that plaintiff's untruthful statements to her prior employer could be relevant to her credibility) *with Chamberlain*, 2007 WL 2786421 (granting motion to quash where defendant had not shown that plaintiff had misrepresented information in the litigation); *see also Woods*, *supra* at *2 ("Defendant points to nothing that indicates that the Plaintiff was untruthful to the Defendant or her other employers; rather, the Defendant simple wants to "fish around" in order to see what it might uncover.").  Plaintiff Wilk's failure to report her association with the online sale of men's underwear is not enough, on its own, to establish that she has misrepresented pertinent information in this litigation or to a former employer. *See* Opp'n (#109) at 17.  Nor does plaintiffs Davis, Banks, and Sutherland's failure to disclose the instant lawsuit to bankruptcy court, Opp'n (#109) at 18,  tend to show that they were not credible with regard to their former or current employers.  Wyndham has not made the requisite preliminary showing of untruthfulness or misrepresentation to permit discovery on this basis.

Wyndham next contends that information related to past performance in employment is germane to plaintiffs' failure to promote claims.  Whether a plaintiff performed poorly in work preceding employment with Wyndham does not tend to reveal how a plaintiff performed in her job at Wyndham. *See Liles*, 2010 WL 1839229 at * 3 ("the plaintiff's performance history is not relevant to the issues involved in the current case; rather, at issue is the plaintiff's performance in his position with the defendant."); *Woods, supra* at *2 (in failure to promote case, "Any consideration by the Defendant of the Plaintiff's experience had to be based upon the information that the Defendant had at the time it

6

made the decision not to promote her. Therefore, it is completely irrelevant what her actual experience was; what is relevant is what the Defendant believed it to be at the time.").  With regard to calculating backpay, plaintiffs correctly point out that the calculation of backpay damages would be based on what the plaintiffs earned in comparison to their male counterparts *while at Wyndham*. Plaintiffs' compensation before or after working at Wyndham is not relevant to the calculation.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion for Protective Order and to Quash Third Party Subpoenas (#89) is granted.  The fifty-six subpoenas, dated July 26, 2010 and February 4, 2011, are hereby quashed.

DATED this 31st day of March, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**