**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GENINE CANNATA, *et al.*, | Case No.: 2:10-cv-00068-PMP-LRL |
| Plaintiffs, | **O R D E R** |
| vs. | |
| WYNDHAM WORLDWIDE CORPORATION, *et al.*, | |
| Defendants. | |

Before the court is plaintiffs' Second Emergency Motion for an Interim Sequestration Order and to Quash Third Party Subpoenas (#184). The court has reviewed the motion (#184) and exhibits, defendants' Opposition (#191), and plaintiffs' Reply (#199).

**Background**

This case arises from plaintiffs' allegations that they were subjected to widespread sexual harassment and discrimination in the workplace while they were employed by defendant Wyndham Worldwide Corporation ("Wyndham"). The parties and the court are familiar with the factual and procedural background of this case. The court, therefore, will only discuss the background that is relevant to the instant motion.

On February 3, 2011, plaintiffs filed a Motion for Protective Order and to Quash Third Party Subpoenas (#89). Plaintiffs requested a court order to quash sixty-six third-party subpoenas to plaintiffs' pre and post-Wyndham employers on grounds that the subpoenas were overbroad in scope of information sought, requested information that is irrelevant to the case, asked for information that

1

AO 72
(Rev. 8/82)

defendants already possessed, were designed to harass and embarrass, and sought information that is protected as private. In general, defendants' argued that their first set of subpoenas properly sought information relevant to five issues: (1) pre-Wyndham job performance because plaintiffs allegedly put such employment at issue; (2) post-Wyndham job performance for mitigation of damages; (3) after-acquired evidence of wrongdoing that would have led to a legitimate discharge; (4) credibility; (5) past job performance to refute their failure to promote claims and show their true motivations for ending their employment with Wyndham. On March 31, 2011, the court issued an Order (#152) granting plaintiffs' motion. The court found that defendants' contentions lacked support and quashed all sixty-six subpoenas, which called for the following:

> Please produce any and all records in your possession, custody and/or control that refer, relate, or pertain to [plaintiff], including, but not limited to, the entire personnel file, application, resume, payroll records, performance evaluations, correspondence, notes, and reasons for termination, which you have in your possess, control or custody.

Order (#152) at 1. Defendants subsequently filed a Motion for Clarification of the Court's Order (#160) asking for guidance on reissuing subpoenas consistent with the court's previous findings. The court denied this motion as an improper request for an advisory opinion. Min. Order (#175).

Defendants reissued subpoenas to plaintiffs' pre and post-Wyndham employers that they attempted to narrowly tailor:

> Pre-Wyndham employers: Please produce documents of [Plaintiff], Social Security Number: _____ , DOB: _____ , *relating to job performance, disciplinary actions and terminations*, which you have in your possession, control or custody. This request is limited to [Plaintiff's] employment during the years _____ - _____.

> Post-Wyndham employers: Please produce documents of [Plaintiff], Social Security Number: _____ , DOB: _____ , *relating to **compensation**, job performance, disciplinary actions and terminations*, which you have in your possession, control or custody. This request is limited to [Plaintiff's] employment during the years _____ - _____.

Defs.' Opp'n (#191) at 4 (emphasis added). Plaintiffs' instant motion argues that the reissued subpoenas suffer from the same deficiencies as the original subpoenas. During the time period set for the parties to brief the motion, the court issued a Minute Order (#186) that stayed compliance with the reissued subpoenas pending further order of the court. In addition, the court ordered defendants to

sequester and make no use of any documents produced in response to the disputed subpoenas and to notify plaintiffs' counsel of all such documents productions which they received. For the following reasons, plaintiffs' motion will be granted.

**Discussion**

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter," and may quash or modify a subpoena if it requires "disclosing trade secret or other information, development, or commercial information." A plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff asserts a legitimate privacy interest in the documents sought. *See Abu v. Piramco SEA-TAC Inc.*, 2009 WL 279036 at *1 (W.D. Wash. Feb. 5, 2009) (citation omitted). Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance. *See, e.g.*, *Paananen v. Cellco P'ship*, 2009 WL 2057048 at *3 (W.D. Wash. July 14, 2009)). Accordingly, while certain pre- and post-employment records may be highly relevant to issues such as mitigation and computation of damages, *Walker v. Nw. Airlines Corp.*, 2002 WL 32539635 at *2 (D. Minn. Oct. 28, 2002), courts have quashed subpoenas to obtain a plaintiff's entire personnel file without limitation to certain categories of information as facially overbroad and/or not reasonably calculated to lead to the discovery of admissible evidence. *See Lewin v. Nackard*, 2010 WL 4607402 at *1 (D. Ariz. Nov. 4, 2010).

**1. Temporal Scope, Categories of Documents Requested, Category of Employers**

Plaintiffs argue that the reissued subpoenas are defective for the same reasons as the previous subpoenas; namely, overbreadth and relevancy. Defendants argue that the reissued subpoenas are proper because they limited the temporal scope and categories of documents requested. Rather than requesting records dating back as far as the mid-1980s, this time defendants chose to limit their inquiries to employers from 2003 to the present. Similarly, defendants changed their "shotgun approach" by only requesting documents relating to compensation, job performance, disciplinary actions and terminations. Finally, defendants state that they limited the pre-Wyndham employers to

those in the sales industry with respect to plaintiffs who held either sales or administrative positions at Wyndham.

Although the court's Order (#152) did explain that seeking "any and all records" from plaintiffs' employers was facially overbroad, the court also explained several additional reasons why quashing defendants' subpoenas and issuing a protective order was appropriate. For instance, the court found that much of what defendants seek was already in their possession or could be obtained by less intrusive means. *Id.* at 5:14–19. Thus, defendants have not cured the previous overbreadth and relevancy issues simply by limiting the temporal scope, categories of documents requested, and categories of employers.

### 2. Plaintiffs' Mitigation Efforts With Post-Wyndham Employers

Under Title VII, defendant employers have the burden to prove that a plaintiff failed to mitigate his damages. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). To satisfy this burden, an employer must prove that "during the time in question there were substantially equivalent jobs available, which [the plaintiff] could have obtained, *and* that [the plaintiff] failed to use reasonable diligence in seeking one." *Id.* (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 906 (9th Cir. 1994) (emphasis in original)). Back pay will not be awarded when "the evidence shows a willful loss of earnings." *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980) (citing *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 198 (1941)). The Ninth Circuit has set forth a list of acts that would constitute a willful loss of earnings, thus, precluding back pay in some instances: "(1) failure to remain in the labor market; (2) refusal to accept substantially equivalent employment; (3) failure to search diligently for alternative work; (4) voluntarily quitting alternative work without a good reason." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1135 n.3 (9th Cir. 1986) (citing *Sangster*, 633 F.2d at 868).

Defendants argue that their requests for plaintiffs' post-Wyndham employers to provide them with information relating to compensation, job performance, disciplinary actions and terminations is now proper because it is far more specific than the previous request for any and all records pertaining

to plaintiffs' employment. However, the court finds that the requests are still overbroad for multiple reasons.

First, defendants fail to show that their interest in the narrowed requests for post-Wyndham information outweigh plaintiffs' privacy concerns and the potential prejudice. In their Opposition (#191), defendants list seven plaintiffs[1] for whom they subpoenaed post-Wyndham employment information that has potential relevance to backpay and mitigation efforts. Defendants inform the court that deposition testimony for these seven plaintiffs revealed that six were terminated from a post-Wyndham employer and one voluntarily resigned. Defendants rely on two cases out of the Fourth and Fifth Circuits, *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927 (5th Cir. 1996)) and *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269 (4th Cir. 1985), to support their argument that plaintiffs' job performance at their post-Wyndham employers is relevant to proving that defendants' potential backpay liability may be tolled as a result of a termination for cause. However, defendants' reliance on non-binding precedent is misplaced. As plaintiffs point out, the Fourth and Fifth Circuit cases do not involve discovery motions resolving issues of relevance and balancing privacy interests; rather the decisions reflect post-liability considerations that were either "special circumstances," *Patterson*, 90 F.3d at 937, or "a particular application of the statutory duty to exercise reasonable diligence in mitigating damages." *Brady*, 753 F.2d at 1278. Therefore, the cases are distinguishable, unpersuasive, and fail to change the court's previous determination that a protective order on this issue was necessary to "prevent harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063–64 (9th Cir. 2004).

Second, defendants do not inform the court of any other means they have employed to gather this information. Defendants have narrowed the scope of their request, but seem to have side-stepped the court's holding that "[i]tems such as missing earnings statements and 2010 tax information for individual plaintiffs . . . can be obtained by less intrusive means than a request to an employer . . . ."

---

[1] Plaintiffs Genine Cannata, Patricia Calvin, Connie Post, Lori Wilk, Joan Lewis, Sheila Rhodes, and Carolyn Davis. Defs.' Opp'n (#191) at 4–5.

5

1  Order (#152) at 5:17–19. Defendants justify the post-Wyndham requests by stating that plaintiffs have
2  not supplemented their employment records related to their mitigation efforts and they have no other
3  verifiable way of obtaining this information. However, plaintiffs' motion points out that defendants
4  have had the opportunity to depose plaintiffs about their mitigation efforts and ample time remains
5  for both sides to timely supplement their discovery responses. Plaintiffs have acknowleged their
6  obligation to supplement this information, and the court expects them to do so. Moreover, given the
7  contentious nature of these proceedings thus far, the court assumes that defendants would not be
8  reluctant to file yet another motion to compel if they truly had no other way of obtaining this
9  information. Therefore, in the court's view, plaintiffs' privacy concerns outweigh defendants' efforts
10 to narrow the scope of the reissued subpoenas.

### 3.  Plaintiffs' Pre-Wyndham Job Performance, Disciplinary Actions, and Termination

Interestingly enough, in defendants' summary of the previous Order (#152) quashing their initial subpoenas they note the court's findings that "plaintiffs had not put their pre-Wyndham job performance at issue." Defs.' Opp'n (#191) at 2. Yet 14 of the 22 reissued subpoenas are directed towards plaintiffs' pre-Wyndham employers. Defendants claim they reissued the narrowed subpoenas because plaintiffs were unwilling to stipulate that they would refrain from relying on their past performance when discussing their claims against defendants. For some reason defendants erroneously assume that plaintiffs may be allowed to testify regarding past employment successes to bolster their present claims. The court previously noted, however, that a plaintiff's previous job performance "does not tend to reveal how a plaintiff performed in her job at Wyndham." Order (#152) at 6:21–22. This is true for both bad *and good* previous performance.

In addition, the court notes that defendants did not truly narrow the scope of the reissued subpoenas by asking for limited information such as plaintiff's length of employment, job titles, job descriptions, and whether a plaintiff was eligible for rehire. The court concludes that defendants'

reissued subpoenas are yet another attempt to obtain inadmissible and prejudicial information and must therefore be quashed.

### 4. Sanctions for Failure to Comply with Protective Order

Plaintiffs ask the court to award them monetary sanctions to compensate for the resources plaintiffs unnecessarily expended to bring this motion and enforce the previously issued protective order on these subjects. Pursuant to Rule 37, the court *must* require the party whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Nevertheless, an award of expenses or fees is not appropriate if: (1) the moving party filed the motion before making a good faith effort to obtain the discovery without court action; (2) the opposing party was substantially justified in its conduct; or (3) an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

Here, the record supports an award of attorneys fees because the court finds that defendants' attempt to narrow the scope of the reissued subpoenas was a change in form, but not the substance, of the first set of subpoenas. Defendants argue that they were extremely cautious in reissuing the subpoenas, and that the denial of their Motion for Clarification "did not prohibit Wyndham Defendants from reissuing newly tailored subpoenas." Defs.' Opp'n (#191) at 17. This is literally true. However, the court's denial of the Motion for Clarification on the ground that it sought an advisory opinion was not an invitation to disregard the court's reasons for quashing the first set of subpoenas. Because defendants' conduct necessitated the instant motion, the court will award plaintiffs their reasonable expenses, including attorney's fees.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Second Emergency Motion for an Interim Sequestration Order and to Quash Third Party Subpoenas (#184) is GRANTED.

IT IS FURTHER ORDERED that:

(1) Defendants' counsel shall forthwith inform the subpoenaed parties that the court has quashed the subpoenas at issue, and that they are not to respond to the subpoenas.

AO 72
(Rev. 8/82)

      (2) Defendants' counsel shall forthwith destroy any documents and copies of documents counsel has received, and inform plaintiffs' counsel which past and present employers produced information pursuant to these subpoenas; and

      (3) defendants' counsel shall file a certification with the court of their compliance with this Order.

      IT IS FURTHER ORDERED that plaintiffs' request for an award of attorney fees is GRANTED. Defendant shall pay the reasonable expenses, including attorney's fees and costs, incurred by plaintiffs in making this motion. Plaintiffs will have ten (10) days from the date of this order to file a detailed affidavit of fees and costs. Defendant will have ten (10) days thereafter to file a response to plaintiffs' affidavit of fees and costs.

      DATED this 25th day of August, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**