**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GENINE CANNATA, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00068-PMP -VCF |
| v. ) | |
| ) | **O R D E R** |
| WYNDHAM WORLDWIDE ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the court is plaintiffs' Motion To Compel 30(b)(6) ESI Testimony (#200). Defendants filed an Opposition (#211), and plaintiffs filed a Reply (#221).

**Motion To Compel 30(b)(6) ESI Testimony**

    **A.    Relevant Facts**

On May 26, 2011, the plaintiffs provided defendants with notice of the Rule 30(b)(6) depositions, and included a list of subjects that the defendants needed to supply a deponent for. (#211-1 Exhibit 2). The topics identified were (1) litigation hold, (2) electronically stored information (hereinafter "ESI"), (3) corporate structure and (4) policies and procedures. *Id.* The parties telephonically conferred regarding the notice on June 10, 2011, and defendants' counsel memorialized the discussion in a letter. (#211-1 Exhibit 3)**.** The letter indicated that the parties were unable to reach an agreement with regards to topics 1, 3, and 4, and that defendants would be moving for a protective order on these topics. *Id.* The defendants agreed to designate an individual most knowledgeable on topic 2, ESI, "as it relates to the Las Vegas facilities where the [p]laintiffs worked." *Id.* The defendants asserted that the individual will likely be knowledgeable on ESI for other facilities as well. *Id.* However, defendants asserted attorney client privilege with regards to ESI information relating to the litigation hold requested in topic 2, sub-topics 2(j)-(m), 3, and 5. *Id.*

1    In a hearing before this court held on June 14, 2011, the court had reasoned that in order to formulate an ESI plan, the plaintiffs needed information on ESI, including server locations, the type of information storage available, who used what computers, etc. (#200). The court asked defendant to confirm that it would produce a designee pursuant to Rule 30(b)(6) on these topics, and they did. *Id.* In the minute order from the hearing (#176), the court ordered that after June 27, 2011, the parties shall "meet and confer in an effort to narrow the scope of the electronic discovery to be undertaken in this case, including the sources of ESI and the list of terms and individuals that will govern the search for emails." The defendants did not produce a designee, rather on June 24, 2011, they filed a motion for protective order (#177) concerning the Rule 30(b)(6) depositions. The court denied the motion. (#197).

On July 11, 2011, the plaintiffs provided notice of the Rule 30(b)(6) deposition relating to ESI. (#211-1 Exhibit 5). The plaintiffs identified the topics to be addressed in the deposition in section 1(a)-(m). *Id.* The plaintiffs sought to obtain "[d]etailed information about all computer systems, networks, policies, and potential sources of electronic discovery," including, but not limited to, email systems, blogs, storage systems, backup and archival systems, obsolete or "legacy" systems containing ESI, website information, event data records, communication systems, ESI erasure, modification, or recovery mechanisms, policies regarding records management, including the retention or destruction of ESI prior to the client receiving knowledge that a claim is reasonably anticipated, "litigation hold" policies, identity of custodians of key ESI, identity of vendors or subcontractors who store ESI, and enterprise wide systems designated to identify, preserve, collect, search, review, export and process ESI in support of a "litigation hold." *Id.*

On July 13, 2011, the defendants produced a corporate designee, Theresa Orben, to testify on behalf of the Wyndham entities regarding ESI. (#200). Mrs. Orben is the Director of Corporate Compliance at Wyndham, and her duties include assisting in-house attorneys with investigations and administering the document management program. *Id.* The deposition of Mrs. Orben occurred on July 13, 2011, at 9:00 a.m. *Id.*

2

**B.     Argument**

In the present motion (#200), the plaintiffs contend that during the deposition, Mrs. Orben was *not* knowledgeable on topics noticed in the Rule 30(b)(6) notice, that she did not know basic facts concerning ESI in the Las Vegas facilities, she was unprepared, and that defendants designated her in an attempt to "deliberately thwart[] [p]laintiffs' discovery efforts." Plaintiffs assert that Mrs. Orben was often "guessing" during the deposition, did not know answers, "hid behind attorney-client privilege," and referred "evasively" to "unnamed persons in Wyndham's IT department for answers." (#200). Plaintiffs ask this court to order that an ESI designee be re-deposed, and that defendants pay plaintiffs' costs and/or fees associated with the July 13, 2011, deposition and this motion, as well as costs that will be incurred for re-deposing an ESI designee. *Id.*  Defendants argue that Mrs. Orben's responses were adequate, insomuch as the questions asked were within the scope agreed to. (#211). Defendants also assert the questioning was vague at times and went outside the scope of the Rule 30(b)(6) notice. *Id*.

**B.     Discussion**

The court recognizes that both parties' arguments have merit; questions were outside the scope of the notice, and the designee was not prepared to answer certain questions that were within the scope of the notice.  The court finds that re-deposing Mrs. Orben or designating a new corporate party to testify regarding ESI is not in the interest of securing "the just, speedy, and inexpensive determination" of this action. Federal Rule of Civil Procedure 1.  Imposing sanctions is also not warranted in light of both parties' actions.

To streamline ESI discovery in this action and to get the parties to focus on the proper purpose of discovery, the court finds that the appropriate starting point is the scope of the litigation hold.  As the court previously held in its order denying the defendants' motion for protective order (#197), "[p]laintiffs are entitled to know "what kinds and categories of ESI [defendants'] employees were instructed to preserve and collect, and what specific actions they were instructed to undertake to that end."  The litigation hold letters sent to the defendants' employees are not discoverable, *but* the details

surrounding the litigation hold, i.e. when and to whom the litigation hold letter was given and what kinds and categories of ESI were included in defendants' litigation hold letter, are discoverable. (#197).

The defendants are ordered to disclose to the plaintiffs information surrounding the litigation hold in this action within one week from the entry of this order. This disclosure need not include the letters sent, but must identify the persons that received the letters and what kinds and categories of ESI were identified in the letter. Within two weeks after receipt of the information, the plaintiffs shall provide defendants with a list of search terms and custodians, in accordance with the provisions of this order.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion To Compel 30(b)(6) ESI Testimony (#200) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that ESI production shall proceed in the following manner:

1. The defendants shall disclose to the plaintiffs information surrounding the litigation hold in this action within one week from the entry of this order, as follows:

(a) Disclose when each defendant first learned of one or more of the claims eventually asserted in this action;

(b) Disclose when each defendant generated litigation hold instructions as a result of learning of one or more of these claims (make a separate disclosure for each set of instructions generated.)

(c) Disclose, for each set of instructions identified:

I. To whom instructions were sent;

ii What locations of ESI were covered in the instructions. The list should include office computers (desktops, laptops and workstations), office network servers, offsite servers, removable storage devices, fax machines and printers, personal computers,

4

          third party computers, PDA's, cell phones, internet service providers and all similar types of storage locations;

    iii. What kinds and categories of ESI the employees were instructed to preserve and/or collect;

    iv. What steps were taken to preserve the ESI;

    v. Whether the automatic overwrite functions were disabled on the locations identified above, and if so, for how long.

    vi. If the automatic overwrite functions were reenabled after a certain period of time, what steps were taken to collect and preserve relevant ESI from those locations.

  2. Within two weeks after receipt of the information, the plaintiffs shall provide defendants with a list of search terms, custodians, and storage locations to be searched, subject to the limitations set forth below.

  3. The defendants shall have thirty days after receipt of plaintiffs' list to produce ESI resulting from the searches requested.

  4. All email correspondence produced shall include all metadata.

  5. All other ESI shall be produced in the form of searchable images, including only metadata fields showing the date and time that the document was sent and received, as well as the complete distribution list.

  6 The plaintiffs shall limit their ESI requests to a total of 20 custodians and 10 search terms per custodian. The parties may jointly agree to modify this limit without leave of the court. The court shall consider requests for up to 10 additional custodians and 5 additional search terms, upon a showing that such increase is needed. Should plaintiffs obtain leave to increase the number of custodians or search terms beyond that agreed to by the parties or permitted by this order, the plaintiffs shall bear all reasonable costs caused by such additional discovery. In response to a motion to increase

the number of custodians and/or search terms, defendants shall provide their best estimate of resulting increased search costs.

7. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as a defendant's name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.* "and") narrows the search and shall count as a single term. A disjunctive combination of multiple words or phrases (*e.g.* "or") broadens the search, and each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.* "and," "but not," "w/x") is encouraged to limit the production.

DATED this 17th day of November, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

6